# BARTHULI v. BOARD OF TRUSTEES OF JEFFERSON ELEMENTARY SCHOOL DISTRICT

No. A–247.  Decided September 20, 1977

See: 19 Cal. 3d 717, 566 P. 2d 261.

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant Roger Barthuli seeks a stay of the judgment of the Supreme Court of California in the case of *Barthuli* v. *Board of Trustees,* 19 Cal. 3d 717, 566 P. 2d 261 (1977), pending his filing of a petition for writ of certiorari to review that judgment. The Supreme Court of California held that the applicant, who had an employment contract with the respondent School District as an associate superintendent of business, was not entitled to notice and a hearing before being discharged from that position. Although I am not entirely confident that four Justices of this Court will not vote to grant applicant's petition for certiorari when filed, my doubt on that score combined with the failure of applicant to demonstrate any irreparable injury has led me to deny the requested stay. I also have serious reservations whether the requested stay is consistent with the Art. III limitations on my powers.

Applicant, after being discharged, filed suit in the California courts seeking a writ of mandate reinstating him to his administrative position. The Supreme Court of California, by a vote of five to one, decided that applicant had no statutory

right to continue in his position as associate superintendent of business. It stated that he did have a statutory right to continue as a tenured classroom teacher and that the latter right could be enforced by writ of mandate; applicant, however, has never sought reinstatement as a classroom teacher. The Supreme Court of California further held that under California law an employee cannot obtain specific performance of an employment contract where he has an adequate remedy at law in an action for damages; the Supreme Court affirmed the finding of the lower court that applicant's damages action was adequate.

The relevant cases of this Court dealing with the due process rights of public employees discharged from their positions are *Board of Regents* v. *Roth,* 408 U. S. 564 (1972); *Perry* v. *Sindermann,* 408 U. S. 593 (1972); *Arnett* v. *Kennedy,* 416 U. S. 134 (1974); and *Bishop* v. *Wood,* 426 U. S. 341 (1976). Examining the various views expressed in *Arnett, supra,* a majority of the Court might conclude that California's refusal to grant specific performance where there is an adequate remedy at law acts as a limitation upon the expectation of the employee in continued employment, which is a necessary condition to a constitutional claim under *Roth;* alternatively, a majority might conclude that the expectancy embraces the performance of the promise contained in the contract. For myself, I would adhere to the former view, and would be inclined to think that this is not one of the "rare" cases in which the "federal judiciary has required a state agency to reinstate a discharged employee for failure to provide a pretermination hearing." *Bishop* v. *Wood, supra,* at 349 n. 14. But I am not prepared to confidently assert that four of my colleagues might not think otherwise.

Applicant, in order to secure a "stay" of the judgment of the Supreme Court of California, must show not only a reasonable probability that certiorari will be granted in his case but also that irreparable injury will result in the event

that a stay is denied. The judgment of the Supreme Court of California simply affirmed a judgment of the Superior Court denying applicant a writ of mandate to compel his reinstatement as an associate superintendent of business in respondent School District. Obviously, a "stay" of the judgment of the Supreme Court of California will accomplish nothing whatever for applicant. He does not seek the extraordinary interim remedy of a mandatory injunction requiring his reinstatement to the position he previously held; he was dismissed from that position in 1973, his unsuccessful litigation in the state courts of California has apparently consumed the intervening four years, and in his application to me he expressly disavows any desire to "undo or alter" that dismissal.

A "stay" of the judgment of the Supreme Court of California such as applicant seeks would affect no present rights of either applicant or respondent. Given the Art. III limitation of our jurisdiction to "Cases" and "Controversies," I therefore have serious reservations whether the limited and abstract stay which applicant seeks is even within my power to grant. "It is only where rights, in themselves appropriate subjects of judicial cognizance, are being, or about to be, affected prejudicially" that this Court or Members thereof can take judicial action. *Texas* v. *ICC,* 258 U. S. 158, 162 (1922). A stay of the judgment of the Supreme Court of California in these circumstances would amount to nothing more than "a mere declaration in the air." *Giles* v. *Harris,* 189 U. S. 475, 486 (1903). See also *United Public Workers* v. *Mitchell,* 330 U. S. 75, 89–90 (1947); *Ashwander* v. *TVA,* 297 U. S. 288, 324 (1936).

I accordingly decline to issue the stay.