**ALASKA LIMESTONE CORPORATION, Plaintiff-Appellant,**

v.

**Donald HODEL, Secretary, United States Department of the Interior, William J. Whalen, Director, National Park Service and the United States of America, Defendants-Appellees.**

No. 85–4131.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1986.

Decided Sept. 18, 1986.

Edgar Paul Boyko and Charles E. Tulin, Anchorage, Alaska, for plaintiff-appellant.

Ellen J. Durkee, Dept. of Justice, Washington, D.C., for defendants-appellees.

## OPINION *

Before WRIGHT, ANDERSON, and NELSON, Circuit Judges.

PER CURIAM:

The district court denied appellant Alaska Limestone Corporation's motion for an extension of time in which to file a notice of appeal. Alaska Limestone claims that the failure of the district court clerk to send notice of the entry of judgment to one of its two counsel of record justified a grant of its untimely motion. We affirm.

### FACTS

On April 12, 1985, the district court granted summary judgment against Alaska Limestone on the merits of the underlying case. The summary judgment motion had been pending since August 1983. The district court clerk sent a copy of the judgment to the Anchorage office of Edgar Boyko, one of Alaska Limestone's two counsel of record. Boyko was on an extended visit to his San Diego office when it arrived. His staff placed the notice in the case file on the assumption that Charles Tulin, Alaska Limestone's other counsel, had received a copy and would take whatever action was necessary while Boyko was away. Tulin, however, had not been sent a notice of judgment. This was in spite of his earlier request to the district court that he be notified of changes in the case's status in lieu of Boyko.

As a result of the confusion surrounding the clerk's notice, Alaska Limestone did not

* This opinion was prepared by Judge Duniway prior to his death on August 23, 1986, but was not circulated. Under court policy, Judge Nelson was randomly selected to replace Judge Duniway on this panel. The panel unanimously adopts Judge Duniway's opinion.

discover that a final judgment had been entered against it until after the sixty-day period for appeal had run. It finally filed a notice of appeal on July 16, 1985, 95 days after the entry of judgment. The following day, it filed a motion for extension of time to file the notice of appeal.

The district court denied the motion for an extension of time. *Alaska Limestone Corp. v. Hodel,* D.C. Alaska, 1985, 107 F.R.D. 105. It held that the motion was barred as a matter of law because it had been filed after the time period prescribed by Federal Rule of Appellate Procedure 4(a). *Id.* at 106. In addition, the court found that even if Alaska Limestone had timely filed its motion, it had not made a showing of excusable neglect or good cause as required by Rule 4(a)(5). *Id.* at 106–07. Alaska Limestone timely appeals the district court's decision.

## STANDARD OF REVIEW

■ This court reviews the district court's denial of a motion for an extension of time to file a notice of appeal for abuse of discretion. *Islamic Republic of Iran v. Boeing Co.,* 9 Cir., 1984, 739 F.2d 464, 465. A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally have based its decision. *B.P. North America Trading v. Vessel Panamax Nova,* 9 Cir., 1986, 784 F.2d 975, 976–77.

## DISCUSSION

Rule 4(a) of the Federal Rules of Appellate Procedure governs district court consideration of a motion for an extension of time to file a notice of appeal. It sets a sixty-day period for filing a notice of appeal in a civil action in which the United States or one of its officers is a party. Fed.R.App.P. 4(a)(1). The district court may extend this period if two requirements are met: (1) the motion for the extension of time is filed no later than 30 days after the expiration of the original appeal period; and (2) the moving party makes a sufficient showing of "excusable neglect or good cause" for not meeting the original deadline. Fed.R.App.P. 4(a)(5).

In this case, the district court correctly held that Alaska Limestone failed to meet either of these requirements. Alaska Limestone did not file its motion for an extension of time until thirty-six days after expiration of the sixty-day appeal period set by Rule 4(a). The requirement that motions for extension be filed within thirty days of the original deadline is mandatory and jurisdictional. *Mayfield v. United States Parole Commission,* 10 Cir., 1981, 647 F.2d 1053, 1055; *Williams v. United States,* 5 Cir., 1977, 553 F.2d 420, 422–23; 9 Moore's Federal Practice ¶ 204.13[2] at 4–104; *cf. Browder v. Director, Illinois Dept. of Corrections,* 1978, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 52. Thus, Alaska Limestone's failure to make a timely motion to file a notice of appeal out of time prohibits either the district court or this court from reviving its right to appeal.

■ The district court was also correct in finding that Alaska Limestone did not meet the excusable neglect requirement of Rule 4(a)(5). In this circuit, the standard for determining excusable neglect is "a 'strict' one." *Selph v. City Council of Los Angeles,* 9 Cir., 1979, 593 F.2d 881, 883 (quoting Advisory Committee Notes to the 1966 Amendment to Fed.R.Civ.P. 73, the predecessor to Rule 4(a)). It only allows an extension of time in "extraordinary cases where injustice would otherwise result." *Oregon v. Champion Int'l Corp.,* 9 Cir., 1982, 680 F.2d 1300, 1301; *see Islamic Republic of Iran,* 739 F.2d at 465. Inadvertence or mistake of counsel, including that attributable to office staff, does not constitute excusable neglect under this standard. *Oregon v. Champion Int'l Corp.,* 680 F.2d at 1301. *See also Sprout v. Farmers Insurance Exchange,* 9 Cir., 1982, 681 F.2d 587, 588; *In re Donnell,* 9 Cir., 1981, 639 F.2d 535, 539.

■ Alaska Limestone's arguments that this case fails outside these general rules are without merit. This case does not present the "unique circumstances" that have sometimes prompted the courts to grant an extension of time to an otherwise untimely notice of appeal. The unique cir-

cumstances doctrine only applies when a party delays filing a notice of appeal in reliance on judicial action that indicated to the party that its notice of appeal would be timely. *See, e.g., Thompson v. INS*, 1964, 375 U.S. 384, 387, 84 S.Ct. 397, 398, 11 L.Ed.2d 404; *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 1962, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261; *National Industries, Inc. v. Republic National Life Insurance Co.*, 9 Cir., 1982, 677 F.2d 1258, 1264; *People of California v. Tahoe Regional Planning Agency*, 9 Cir., 1985, 766 F.2d 1316, 1318. It does not apply to a clerk's failure to notify counsel of the entry of final judgment. A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time. *Mennen Co. v. Gillette Co.*, 2d Cir.1983, 719 F.2d 568, 570; *see Gooch v. Skelly Oil Co.*, 10 Cir., 1974, 493 F.2d 366, 370, *cited with approval in Islamic Republic of Iran*, 739 F.2d at 465; Fed.R.Civ.P. 77(d). Moreover, receipt of notice by * one of two counsel of record, as here, sufficiently informs the party of the entry of judgment. *Gooch*, 493 F.2d at 370. Alaska Limestone's reliance on the district court to send the notice of judgment to one counsel rather than the other does not, therefore, constitute a unique circumstance exempting it from Rule 4(a)'s requirement that a motion for an extension of time and notice of appeal be timely filed.

■ Alaska Limestone also claims that the district court could have granted an extension of time under the independent authority of Local District Court Rule 32(B). It provides that the court "may change or dispense with any of these rules if the interests of justice so requires." Alaska Limestone's reliance on this "interest of justice" provision is misplaced. Local district court rules are adopted pursuant to Federal Rule of Civil Procedure 83, which authorizes adoption of "rules governing [district court] practice not inconsistent with these rules." Fed.R.Civ.P. 77(d), in turn, states that "[l]ack of notice of the entry [of judgment] by the clerk

does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." The use of Local Rule 13(B) to dispense with Rule 4(a)'s requirements would thus be inconsistent with the federal rules and is prohibited by them. Fed.R.Civ.P. 83.

AFFIRMED.