953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Malcolm T. HARDY, Defendant-Appellant.
 No. 90-15407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Feb. 5, 1992.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A federal grand jury indicted Malcolm Hardy on twenty-two counts of credit card fraud in violation of 18 U.S.C. § 1029. With no objection by Hardy, a United States Magistrate[1] presided over the selection of his trial jury. That jury convicted him on all counts on May 28, 1987. Hardy filed a direct appeal, but we affirmed his conviction. The mandate was returned to the district court on January 9, 1989.
 
 
 3
 The Supreme Court later held in Gomez v. United States that the Federal Magistrates Act does not authorize magistrates to preside over jury selection when the defendant objects to the procedure. Gomez v. United States, 490 U.S. 858 (1989) (construing 28 U.S.C. § 636(b)(3)). On July 3, 1989, Hardy accordingly filed a petition to vacate his conviction under 28 U.S.C. § 2255. The district court denied his petition and entered the order on November 29, 1989. The docket sheet indicates that the district court clerk in Hawaii mailed a copy of this order to Hardy on the same day.
 
 
 4
 Hardy, however, contends that he never received this document. He points out that prison authorities transferred him from the Federal Correctional Institution in Phoenix, Arizona, to Federal Prison Camp in Sheridan, Oregon, in October 1989, one month before the district court entered the order. The docket sheet reflects that the district court clerk received a letter from Hardy concerning his transfer and new address on November 6, 1989. According to Hardy, the district court nevertheless mailed the notice to his former address, and the postal service later returned it to the clerk.
 
 
 5
 It was only after writing to the clerk's office months later that Hardy finally learned of the entry. He apparently received word on March 1, 1990, and mailed his notice of appeal the following day. The district court filed the notice on March 12, 1990, and the United States then moved to dismiss for lack of jurisdiction. Hardy subsequently completed his prison term and began serving the probationary phase of his sentence.[2]
 
 DISCUSSION
 I. Appellate Jurisdiction
 
 6
 Rule 4(a) of the Federal Rules of Appellate Procedure governs the timing of this appeal. See Rule 11, Rules Governing Section 2255 Proceedings for the United States District Court; see also Browder v. Director, Dep't of Corrections, 434 U.S. 257, 268-69 (1978). Because the United States is a party to this case, Hardy had 60 days after the order's entry to file his notice of appeal with the district court. See Fed.R.App.P. 4(a)(1). The deadline fell on January 29, 1990, and Hardy did not file his notice until March 12, 1990. Hardy also failed to file a formal motion for extension of time as required under Federal Rule of Appellate Procedure 4(a)(5). See Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988).
 
 
 7
 We have held that the failure of a court clerk to notify a civil litigant's attorney of entry of judgment did not excuse the failure to file a timely appeal. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986). It is true that, as a pro se prisoner, Hardy lacked the access to court records available to other litigants who either have counsel or are not incarcerated. Accordingly, he had much less control over delays than the typical civil litigant. See Houston v. Lack, 487 U.S. 266, 273-74 (1988) (holding prisoner's appeal timely if delivered to prison authorities within deadline); cf. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986) (refusing an extension of time when clerk failed to notify civil litigant's attorney of the entry). Hardy, therefore, arguably did "all that could reasonably be expected" to meet the filing deadline. See Fallen v. United States, 378 U.S. 139, 144 (1964).
 
 
 8
 In United States v. Angelone, however, we held an appeal of an incarcerated prisoner untimely even though his attorney failed to notify him of the entry of judgment denying his petition. Angelone, 894 F.2d 1129, 1130-31 (1990). We assumed for purposes of decision that Houston v. Lack would have forgiven the delay if the prisoner had delivered his notice of appeal to the prison authorities within the prescribed time, but we did not apply Houston v. Lack to excuse the untimeliness caused by the prisoner's lack of notice of entry of judgment. Thus Angelone was held to the stricture of Fed.R.Civ.P. 77(d) that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."
 
 
 9
 In recognition of the harshness of this rule, Rule 4(a)(4) of the Federal Rules of Appellate Procedure have been modified to provide limited relief to parties who did not receive notice of judgment. The Rule now provides:
 
 
 10
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 11
 Fed.R.App.P. 4(a)(6). The problem with this amendment from Hardy's standpoint is that it was made effective on December 1, 1991, well after Hardy filed his untimely notice of appeal. Moreover, it is now too late for Hardy to make the application to the district court that would have been permissible under the Rule if it had been in effect at the time Hardy became aware of the entry of judgment.
 
 
 12
 We decline to fashion a rule for Hardy's appeal that would be broader and more indefinite than the carefully drafted amendment to Rule 4(a), Federal Rules of Appellate Procedure. In recognition, however, of the fact that Hardy has been the victim of exactly the kind of hardship that the amendment will help to prevent in the future, we are able to advise Hardy that we have examined the merits of his claim on appeal and find it wanting. Hardy seeks to invoke Gomez v. United States, which held that the Magistrates Act did not authorize a magistrate to select a jury over the defendant's objection. Gomez v. United States, 490 U.S. 858 (1989). Gomez, however, created a new rule of law. United States v. France, 886 F.2d 223, 227 (9th Cir.1989), cert. granted, 110 S.Ct. 1921 (1990). That new rule can only be applied retroactively to convictions that are undergoing direct review; it cannot be invoked with regard to final convictions in a collateral attack. See United States v. Judge, 944 F.2d 523, 525 (9th Cir.1991). In addition, Hardy's failure to object to jury selection by a magistrate constitutes consent. See Peretz v. United States, 111 S.Ct. 2661, 2669 (1991). Accordingly, the harsh rules of timeliness have not deprived Hardy of a meritorious appeal.
 
 APPEAL DISMISSED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The former magistrates are now magistrate-judges. See Civil Justice Reform Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 5117 (1990)
 
 
 [2]
 Hardy's appeal is not rendered moot by the completion of his term of imprisonment, because a favorable decision on appeal could affect the duration of the term of supervised release that he is now serving. See Armant v. Marquez, 772 F.2d 552, 555 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986)