967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert O. O'ROURKE; Raymond C. O'Rourke; Rorack, (Raymond
C. O'Rourke and Alan C. Kolb); Raymond O'Rourke, and
Raymond O'Rourke Associates, (Computrad, Inc., Lattice
Electromagnetics, Inc., Yacht Charters Limited, Inc.),
Plaintiffs-Appellants,
v.
MAXWELL LABORATORIES, a Delaware Corporation; Karl
Samuelian; S-Cubed, a Division of Maxwell Laboratories,
Inc.; Frank Clark; Parker, Milliken, Clark, O'Hara and
Samuelian, a California Corporation, Defendants-Appellees.
 No. 90-56296.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs appeal from the district court's denial of their motion for an extension of time in which to file a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Under Federal Rule of Appellate Procedure 4(a)(5), "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal...." Fed.R.App.P. 4(a)(5). "In this circuit, the standard for determining excusable neglect is a strict one.... Inadvertence or mistake of counsel ... does not constitute excusable neglect." Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (quotations omitted).
 
 
 4
 Here, the plaintiffs failed to file a timely notice of appeal from the district court's dismissal of their action on April 12, 1990. The plaintiffs, however, filed a timely motion for an extension of time in which to file their notice of appeal pursuant to Fed.R.App.P. 4(a)(5). In this motion, the plaintiffs' attorney, Albert O. O'Rourke, cited his other pending legal matters, which "used up all [his] Legal time and concentration," and his misapprehension of when the time for filing an appeal would expire as grounds for excusable neglect. Neither of these reasons, however, constitutes excusable neglect for the plaintiffs' failure to timely file a notice of appeal. See Alaska Limestone Corp., 799 F.2d at 1411; Selph v. Council of City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3