993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARM CREDIT BANK OF SPOKANE, a Corporation, Successor by
Merger to the Federal Land Bank of Spokane,
Plaintiff-Appellee,
v.
Samuel W. DUVALL and Roberta Z. Duvall, husband and wife,
Defendants-Appellants.
 No. 92-36739.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel and Roberta Duvall appeal pro se the district court's judgment of foreclosure and order of sale on their real property. The Duvalls filed their notice of appeal 95 days after entry of the judgment. We dismiss for lack of jurisdiction.
 
 
 3
 A timely notice of appeal is mandatory and jurisdictional. Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir.1988). Federal Rule of Appellate Procedure 4(a)(1) provides that in a civil case where the United States is a party, a notice of appeal must be filed with the clerk of the district court within sixty days of entry of the order appealed from. Here, judgment was entered on June 15, 1992. Because the United States, acting through the Farmers Home Administration, was a party to this action, the Duvalls had sixty days from that date to file their notice of appeal. Accordingly, their notice of appeal filed on September 18, thirty five days after the 60-day appeal period had expired, was untimely. See Fed.R.App.P. 4(a)(1).
 
 
 4
 The district court may extend the time to appeal if a party (1) moves for an extension of time no later than thirty days after the expiration of the original appeal period; and (2) makes a sufficient showing of excusable neglect for not meeting the original deadline. Fed.R.App.P. 4(a)(5); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986). Here, the Duvalls cannot meet the first requirement because they failed to seek an extension of time in the district court.[1] A party's "failure to make a timely motion to file a notice of appeal out of time prohibits either the district court or this court from reviving its right to appeal." Alaska Limestone Corp, 799 F.2d at 1411. In such instances, we "can neither grant an extension nor remand to the district court for a determination of whether an extension was warranted."[2] Hoag Ranches v. Stockton Prod. Credit Ass'n (In re Hoag Ranches), 846 F.2d 1225, 1229 (9th Cir.1988).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Duvalls' contention that the district court should have construed their motion to vacate entry of judgment, filed 63 days after the judgment's entry, as a motion for an extension of time lacks merit. See Malone v. Avenenti, 850 F.2d 569, 571-72 (9th Cir.1988) (Rule 4(a)(5) expressly requires that appellant seeking extension of time after expiration of initial statutory period must file formal motion requesting extension of time with notice to the other parties)
 
 
 [2]
 We deny the appellees request for attorney's fees on appeal