999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merlin HANSEN; Dolores Hansen, Petitioners-Appellants,
v.
UNITED STATES of America; C. Frias, Revenue Officer; T.
Lapuh, Revenue Officer, Respondents-Appellees.
 No. 92-55284.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided July 22, 1993.
 
 1
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Taxpayers Merlin and Dolores Hansen appeal the district court's dismissal of their pro se petition seeking to quash a third party IRS administrative summons. We agree with the government that the Hansens' notice of appeal was not timely filed. Accordingly, we dismiss the appeal for lack of jurisdiction.
 
 DISCUSSION
 
 4
 A timely filed notice of appeal is both mandatory and jurisdictional. Browder v. Director, 434 U.S. 257, 264 (1978). In this case there is no question that the notice of appeal was filed beyond the sixty days from entry of the district court's final order. See Fed.R.App.P. 4(a)(1). The Hansens did, however, submit a post-judgment motion for reconsideration that if timely filed would have tolled the time limits for appealing until after entry of an order granting or denying the motion. See Fed.R.App.P. 4(a)(4)(iii); McCarthy v. Mayo, 827 F.2d 1310, 1313 n. 1 (9th Cir.1987).
 
 
 5
 The motion was originally submitted to the court prior to entry of the final judgment. The motion, however, was rejected by the court because it failed to conform to local rules. The Hansens did not resubmit their motion for filing until well beyond the ten day period provided by Federal Rule Civil Procedure 59(e). An untimely filed motion for reconsideration does not toll the appeal period. Cel-A-Pak v. California Agric. Labor Relations Bd., 680 F.2d 664, 666 (9th Cir.) (per curiam), cert. denied, 459 U.S. 1071 (1982). Moreover, nothing in the Hansens' untimely motion evinces their intent to appeal the district court's decision that would allow us to treat their motion as a notice of appeal. See Taylor v. Knapp, 871 F.2d 803, 805 n. 1 (9th Cir.), cert. denied, 493 U.S. 868 (1989); Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir.1986).
 
 
 6
 Finally, we examine whether there are "unique circumstances" that might permit us to exercise appellate jurisdiction. See Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 585 (9th Cir.1993). We have stated that the doctrine applies only when a party delays filing a notice of appeal in reliance on judicial action that indicated to that party that its notice of appeal would be timely. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986) (per curiam). There has been no such claim or showing in the case, and accordingly, we must conclude that we are without jurisdiction.
 
 
 7
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3