12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re CCC BES, P.C., fka McLean Clinic, P.C., Debtor.
John MITCHELL, Trustee, Plaintiff-Appellee,
v.
NATIONAL MANAGEMENT SERVICES, INC., Defendant-Appellant.
 No. 91-36222.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.
Decided Nov. 19, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 National Management Services, Inc. ("NMS") appeals the district court's dismissal of its appeal from a final bankruptcy court order as untimely under Bankruptcy Rule 8002(a), and the district court's imposition of sanctions against NMS pursuant to 29 U.S.C. Sec. 1927. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and affirm.[1]
 
 
 4
 I. Timeliness of Appeal.
 
 
 5
 Bankruptcy Rule 8002(a) requires that a notice of appeal "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." See Bankr.R. 8002(a). The timely filing of a notice of appeal is jurisdictional. Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir.1990). Because of the jurisdictional implications, this court strictly construes the 10-day requirement. Greene v. United States (In re Souza), 795 F.2d 855, 857 (9th Cir.1986).
 
 
 6
 Here, the 10-day period began on June 29, 1991 when the bankruptcy court's order was entered. NMS's notice of appeal was filed on July 25, 1991, well beyond the expiration of the 10-day period, and NMS did not seek an extension of time in which to file its notice of appeal. See Bankr.R. 8002(a) and (c). Because the district court did not make any assurances, the "unique circumstances" doctrine does not apply. See In re Slimick, 928 F.2d at 310; Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986). NMS, as a party to the action, is obliged to monitor the docket sheet. See Mitao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1192-93 (9th Cir.1990); Alaska Limestone Corp., 799 F.2d at 1411 (failure of court clerk to notify parties that final order was entered does not extend the time for filing of notice of appeal). The district court correctly dismissed NMS's appeal as untimely.
 
 
 7
 II. Sanctions.
 
 
 8
 The district court imposed sanctions against NMS pursuant to 28 U.S.C. Sec. 1927, finding that the arguments advanced by NMS on appeal were unsupported by legal authority and that NMS had misstated the law. Based on these findings, the court concluded that the appeal was frivolous and that NMS's actions supported a finding of recklessness. Given the circumstances, the district court did not abuse its discretion by awarding Mitchell attorney's fees incurred in defending the appeal. See Akros Installations, Inc. v. Grand Nat'l Bank (In re Akros Installations), 834 F.2d 1526, 1531 (9th Cir.1987).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 NMS's contention that jurisdiction over this appeal is properly with the Bankruptcy Appellate Panel ("BAP") is incorrect. District Court Judge Panner presided over NMS's appeal from a final decision of the bankruptcy court pursuant to 28 U.S.C. Sec. 158(a). As such, the court of appeals, not the BAP, has jurisdiction over this appeal. See 28 U.S.C. Sec. 158(d)
 
 
 [2]
 On appeal, both parties request that we impose attorney's fees incurred in this appeal as a sanction on the other party. In the exercise of our discretion, we decline to do so