12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emmitt D. WALLS, Petitioner-Appellant,
v.
INDUSTRIAL COMMISSION OF ARIZONA, U.S. Commercial Cabinet
and Fixtures, Inc; and Special Fund Division, No
Insurance Section, et al., Respondent-Appellee.
 No. 93-15850.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emmitt D. Walls, an Arizona state prisoner, appeals pro se the district court's denial of his motion for leave to file a late appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion the district court's denial of a motion for an extension of time to file a notice of appeal. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986). We affirm.
 
 
 3
 Walls contends that the district court caused him to file a late notice of appeal by advising him to file a direct appeal with the United States Supreme Court. This contention lacks merit.
 
 
 4
 In a civil matter, not involving the United States or its agent, a party has 30 days from entry of judgment in which to file a notice of appeal with the district court. Fed.R.App.P. 4(a). The district court may extend the time to file a notice of appeal if: (1) the party seeking the extension files his motion for an extension of time no later than 30 days after the expiration of the original appeal period, and (2) the moving party shows "excusable neglect or good cause" for not filing a notice of appeal within the original appeal period. Fed.R.App.P. 4(a)(5); Alaska Limestone, 799 F.2d at 1411.
 
 
 5
 Here, Walls filed his motion for an extension of time to file a notice of appeal 113 days after the original appeal period expired. Thus, Walls failed to file a timely motion. See id. The district court was prohibited from granting Walls's motion for an extension because the time limit stated in Rule 4(a)(5) is "mandatory and jurisdictional." See Alaska Limestone, 799 F.2d at 1411. Moreover, Walls failed to show excusable neglect or good cause. See id. The district court did not advise Walls not to file an appeal with this court. Rather, the district court explained that only the United States Supreme Court has jurisdiction to review a decision issued by the Arizona Supreme Court. Therefore, the district court did not abuse its discretion by denying Walls's motion for leave to file a late appeal.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Walls attempts to appeal the district court's dismissal of his action for lack of subject matter jurisdiction. Nevertheless, we lack jurisdiction to review the dismissal because Walls filed an untimely notice of appeal. See Fed.R.App.P. 4(a); Bowder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (holding that the deadlines for filing a notice of appeal are mandatory and jurisdictional)