15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Samuel H. SLOAN, Plaintiff-Appellant,
v.
Fredrick H. MURPHY, Holden-Day, Inc.; Tom Palmer and Ron
Palmer, Defendants-Appellees,
 No. 92-16645.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 23, 1993.*
Decided Feb. 3, 1994.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Sloan appeals pro se the district court's dismissal of his shareholder derivative action and the denial of his motion to vacate the dismissal. Sloan's appeal from the dismissal, however, is not timely, and accordingly, we do not have jurisdiction to reach the merits of the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (deadline for filing notice of appeal is mandatory and jurisdictional). The appeal is timely, however, from the denial of the motion to vacate. We conclude that the district court did not abuse its discretion by denying that motion. We affirm.
 
 
 3
 The district court's denial of a motion to vacate a judgment will be reversed only upon a clear showing of abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Sloan contends that the judgment should be vacated because he was not timely notified of the dismissal. He also asserts that the court erred by concluding that he did not have standing to sue and that service was improper.
 
 
 4
 Sloan did not receive timely notice of the dismissal because he left an incorrect address with the court and neglected to appear at the hearing on the motion to dismiss. A party has a duty to stay informed of the court's actions and a duty to inform the district court of an address change. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986). The district court was not required to vacate its judgment on this ground. See Pena v. Seguros la Comercial, S.A., 770 F.2d 811, 814-15 (9th Cir.1985).
 
 
 5
 Sloan's contention that the district court should have reconsidered its grounds for dismissal is also insufficient. Sloan failed to allege any additional relevant evidence or even to present a possible rationale to suggest that the court's decision to dismiss was wrong. We conclude that the district court was not required to vacate its judgment. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 6
 Appellees request sanctions pursuant to Federal Rule Appellate Procedure 38. We are clearly empowered to award sanctions for frivolous appeals. Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). We are not required to do so, however, and in this instance, we decline to award sanctions on appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3