60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John H. TODD, Plaintiff-Appellant,
v.
John SLANSKY, et al., Defendants-Appellees.
 No. 94-17004.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John H. Todd appeals pro se the district court's dismissal, without prejudice, of Todd's 42 U.S.C. Sec. 1983 action against defendants John Slansky of the Nevada Department of Parole and Probation and Nevada State Court Judge Merlyn Hoyt for failure to comply with the court's order to file an amended complaint.[1] We review the district court's dismissal for abuse of discretion, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990), and we affirm.
 
 
 3
 Pursuant to Fed.R.Civ.P. 41(b), the district court may dismiss an action where the plaintiff fails to comply with an order of the court. A dismissal under Rule 41(b) will not be disturbed unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). The relevant factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). If the district court made no specific findings to show that it considered these factors, this court will review the record independently to determine whether the district court abused its discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986).
 
 
 4
 On appeal, Todd contends that his action should not have been dismissed because he did not receive a copy of the district court's July 8, 1994 order which (1) stated the deficiencies in Todd's complaint, (2) granted him 20 days in which to file an amended complaint, and (3) warned him that his complaint would be dismissed if he failed to file a timely amended complaint. A party, however, has a duty to stay apprised of the docket and informed of the district court's actions. See Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir.1986) ("[a] party has an independent duty to keep informed and the mere failure of the clerk to notify the parties that judgment [or an order] has been entered does not provide grounds for excusable neglect"). Thus, Todd's contention lacks merit.[2] Moreover, we have reviewed the district court's order and Todd's complaint and conclude that the court did not abuse its discretion by requiring Todd to amend his complaint and subsequently dismissing his action, without prejudice, when he failed to do so. See Henderson, 779 F.2d at 1424.[3]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Todd filed a timely motion for reconsideration of the district court's order dismissing his action. The district court denied the motion on October 6, 1994, after Todd had filed his notice of appeal. No amended notice of appeal or new notice of appeal was filed. Accordingly, on December 30, 1994, we issued an order limiting our review to the district court's underlying order dismissing his action
 
 
 [2]
 We note that the district court previously ordered Todd to amend his complaint, an order which Todd does not contend he never received, and that Todd failed to comply with that order too
 
 
 [3]
 Because the dismissal was "without prejudice" Todd is not barred from re-filing this action, naming the proper defendant or defendants, and seeking those forms of relief which are available under section 1983. See, e.g., Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (although judges are immune from damages under section 1983, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity")