129 F.3d 126
 1998 Copr.L.Dec. P 27,724
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ANDRILL MUSIC PUBLISHING, Ricardo A. Wilson, Louis W.
Wilson, and Carlos D. Wilson, Plaintiffs-Appellants,
v.
EPMD, an organization unknown, Rush Communications, Rush
Associated Labels, Erick Sermon, Parrish Smith,
and George Spivey, Defendants-Appellees.
MANDRILL MUSIC PUBLISHING, Ricardo A. Wilson, Louis W.
Wilson, and Carlos D. Wilson, Plaintiffs-Appellants,
v.
PUBLIC ENEMY, an organization unknown, Defendant,
DEF JAM RECORDINGS, aka Def Jam, Chaos Recordings, Columbia
Records, and Sony Music Entertainment, Inc.,
Defendants-Appellees.
 Nos. 96-55718, 96-55720.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided Oct. 30, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California. A. Andrew Hauk, District Judge, Presiding.
 
 
 2
 Before: REINHARDT and TASHIMA, Circuit Judges, and SHADUR, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Mandrill Music Publishing, et al. (collectively, "Mandrill") appeal the district court's denial of their motion to file a late notice of appeal in the underlying copyright infringement action. Mandrill also challenges the district court's award of attorney's fees to the defendants-appellees, who had prevailed on their motion for summary judgment. We hold that the appellants were entitled to file a late notice of appeal because they demonstrated "excusable neglect" under Fed. R.App. P. 4(a)(5). We also hold that the district court's fee award to the defendants was not supported by a sufficiently clear statement explaining why the amount awarded was reasonable. While we understand that the district court had reason to be highly critical of counsel's failure to handle these matters in an appropriate and timely manner, and while counsel appears to have seriously jeopardized his client's rights by failing to pay sufficient attention to the time limits governing the filing of various documents, this time he and his clients may escape unscathed. Next time, they undoubtedly will not be so fortunate.
 
 I.
 
 5
 A district court's denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion, and will be upheld as long as it is not contrary to the law and is supported by rational reasons. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (per curiam). In this case, the district court employed the wrong standard in determining whether Mandrill had established excusable neglect, and thus abused its discretion.
 
 
 6
 Excusable neglect is an equitable determination, and requires the court to take into account all of the relevant circumstances, including the reason for delay, the length of the delay and its potential impact on the proceedings, the danger of prejudice to the nonmoving party, and whether the moving party acted in good faith. Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993); see also Reynolds v. Wagner, 53 F.3d 1426, 1428-29 (9th Cir.1.995) (adopting the Pioneer standard of excusable neglect in the context of Rule 4(a)(5)). Here, however, the district court did not assess the plaintiffs' claim of excusable neglect under the more liberal Pioneer standard, but employed a more stringent standard that was specifically rejected by Pioneer and Reynolds.
 
 
 7
 Taking into account all of the relevant factors identified by the Pioneer Court, it is clear that Mandrill met its burden of showing excusable neglect. First, Mandrill has established that it failed to file a timely notice of appeal because neither the court clerk nor the defendants gave notice of the final judgment until well over a month had passed following entry of judgment, and then in a questionable manner. Second, there is little chance that the length of the delay will be disruptive to the judicial proceedings; little time had passed from the time Mandrill should have filed its notice of appeal. Third, as the defendants conceded during oral argument, they will suffer no prejudice as a result of permitting Mandrill's appeal to go forward. Finally, there is no indication that Mandrill was acting in bad faith.
 
 II.
 
 8
 Under the Copyright Act, a district court has discretion to award a prevailing party its reasonable attorney's fees. 17 U.S.C. § 505 (1994). Mandrill argues that even if the district court acted within its discretion in awarding fees, the amount of the fee award is unreasonable. In their motions for attorney's fees, Rush sought to recover approximately $99,000, and Def Jam sought $107,497.12. The court awarded the amount requested by Def Jam, $107,497.12, as the total attorney's fees for both defendants, stating that this amount "was sufficient ... for both lawsuits because of the duplicative nature of the work required to defend both sets of defendants." It is well established, however, that in setting a fee award, a district court must articulate with specificity why the amount is reasonable. Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 (9th Cir.1984). A conclusory statement that the amount requested by defendants is reasonable will. not suffice. Id.
 
 
 9
 In this case, although the district court did not award exactly what both defendants requested, it did award the exact amount, to the penny, requested by Def Jam. The court did not critically examine Def Jam's fee request and did not assess the amount of time defense counsel claimed to have logged working on the cases. Compare Maljack Prods., Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 890 (9th Cir.1996) (approving of a district court's fee award, which was substantially less than amount requested, because the court did not simply adopt the party's proposed amount).
 
 
 10
 In the absence of a clear and concise statement expressing the district court's basis for finding $107,497.12 reasonable, it is not possible to determine whether the court acted within its discretion. Accordingly, we vacate the fee award and remand.
 
 
 11
 * * * *
 
 
 12
 Because we find that Mandrill established excusable neglect under the Pioneer standard, we reverse the district court's denial of its motion to file a late notice of appeal. The notice of appeal heretofore filed is deemed timely. Additionally, we vacate the district court's award of attorney's fees to the defendants because the court did not explain in detail why such an amount was reasonable and remand that separate matter to the district court.[1] Each party shall bear its own costs on appeal.
 
 
 13
 REVERSED in part; VACATED and REMANDED in part.
 
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our vacation and remand of the award of attorney's fees does not, of course, preclude the panel that hears Mandrill's appeal on the merits from determining that no fee award is appropriate in light of its determination of the merits, or from considering any subsequent appeal from a new award upon a request for consolidation of the merits and fees appeals