**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AVERY W. VIAL,
Petitioner-Appellant,

v.                                                                      No. 98-7649

HARLEY LAPPIN,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-97-825-5-H2)

Submitted: April 20, 1999

Decided: May 5, 1999

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Morchower, Anthony G. Spencer, MORCHOWER, LUX-
TON & WHALEY, Richmond, Virginia, for Appellant. Janice Mc-
Kenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Robert E. Skiver, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Avery W. Vial appeals the district court's order denying his motion for relief, in which he sought to reopen the period in which to appeal the district court's denial of his 28 U.S.C. § 2241 (1994) motion. We affirm.

Vial is serving a 157-month sentence imposed in 1992. He retained Virginia attorney Michael Morchower to represent him in his § 2241 action. Morchower associated Marvin Sparrow of Raleigh, North Carolina, as Vial's local counsel.

The district court denied Vial's § 2241 motion by order entered on May 15, 1998. There is no dispute that Sparrow timely received a copy of the judgment. The district court did not send another copy of the judgment to Morchower. No notice of appeal was filed. When Morchower learned of the entry of judgment on September 10, he filed a Motion for Relief in which he sought, pursuant to Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 60(b), to reopen the appeal period. The district court denied the motion, and Vial timely appealed.

The district court did not abuse its discretion in denying the motion. First, in order to obtain relief under Rule 4(a)(6), a party must show that he failed to receive adequate notice of the entry of judgment. A party is considered to have notice of all the facts of which his attorney had notice. See Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962). Where a party has two counsel of record, notice of the entry of judgment sent to one attorney sufficiently informs the party of the entry of judgment. See Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1412 (9th Cir. 1986). Here, the district court timely notified Sparrow of the entry of judgment. Under the case law, Vial cannot show that he did not receive adequate notice of the entry of judgment. Thus, he was not entitled to relief under Rule 4(a)(6).

2

To the extent that the Motion for Relief was brought under Fed. R. Civ. P. 60(b), the district court did not abuse its discretion in denying the motion. Rule 60(b) motions are not to be used as substitutes for appeal. See Ackermann v. United States, 340 U.S. 193, 198 (1950). Further, relief under Rule 60(b) is appropriate only in exceptional circumstances, see Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993), which do not exist in this case.

We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3