Patrick William HAFNER,
Petitioner—Appellant,

v.

Sue HUBBARD, Warden, Respondent—
Appellee.

No. 99–17195.

D.C. No. CV–97–04458–MHP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Jan. 23, 2002.

Before HUG, D.W. NELSON and
HAWKINS, Circuit Judges.

MEMORANDUM [*]

Patrick Hafner appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. He challenges his 1994 state conspiracy conviction, charging that his due process rights were violated by jury verdict forms that unlawfully permitted the jury to find Hafner guilty of conspiracy without finding that a valid overt act occurred.[1]

Viewing the verdict forms together with the jury instructions and evidence presented, we cannot say that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," see 28 U.S.C. § 2254(d)(1), or that its determination was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As the district court held, "[t]he [jury] instructions conveyed the temporal sequence required under California law: the overt act had to follow the conspiratorial agreement and could not precede it." Even if the first overt act described on the verdict form (regarding the hotel meeting of the conspirators on October 28) is itself insufficient, the second overt act found by the jury suffices. In finding the second overt act true, the jury necessarily found that the conspirators drove around looking for the victim on October 30, two days after the agreement to kill the victim was formed.

AFFIRMED.

2

Mark TARKA, Plaintiff—Appellant,

v.

Michael MALONE; Terry Roark; Robert Marley; Corlann Bush; Marjorie Brown; Alanna Brown, in his and her official and private capacities; Kara Wente; Marcia Kuchar, Defendants—Appellees.

No. 01–35669.

D.C. No. CV–00–00042–JDS.

United States Court of Appeals,
Ninth Circuit.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We note that Hafner's motion to broaden the certificate of appealability was denied by a previous panel of this court. We agree with this panel and therefore do not consider his

Submitted Oct. 22, 2001 *.
Decided Jan. 24, 2002.

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

## MEMORANDUM **

Mark Tarka appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) and Fed. R.App. P. 4(a)(5) motions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tarka brought suit against Montana State University employees and students under 42 U.S.C. §§ 1983 and 2000e–2(a), alleging civil rights violations, discrimination, and libel. The district court, on the recommendation of a magistrate judge, dismissed Tarka's complaint for various defects. Tarka filed a motion under Fed. R.Civ.P. 60(b) for relief from the district court's judgment and order. He also sought an extension of time to file a notice of appeal of the dismissal under Fed. R.App. P. 4(a)(5). The district court denied both motions, and Tarka now appeals.

### I. Fed.R.Civ.P. 60(b)

We review the district court's denial of a motion to vacate a judgment under Rule 60(b) for an abuse of discretion. *Thompson v. Calderon*, 151 F.3d 918, 920 (9th Cir.1998) (citation omitted). A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir.1996) (quotations and citation omitted).

Tarka claimed that relief was appropriate because there was surprise, discovery of new evidence, and misconduct on the part of opposing counsel. *See* Fed. R.Civ.P. 60(b)(1), (2), & (3). The district court denied Tarka's motion on its finding that Tarka's allegations were unsubstantiated. The record supports the district court's conclusion, therefore it did not abuse its discretion. We affirm the denial of Tarka's Fed.R.Civ.P. 60(b) motion.[1]

### II. Fed. R.App. P. 4(a)(5)

We also review for an abuse of discretion the district court's denial of a motion for an extension of time to file a notice of appeal. *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986). The district court did not abuse its discretion by denying Tarka's request for an extension. Tarka failed to establish "good cause" for an extension.[2] *See* Fed. R.App. P. 4(a)(5).

AFFIRMED.

---

additional claims. *See* 28 U.S.C. § 2253(c)(1)(A).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. As part of his appeal of the district court's denial of his Rule 60(b) motion, Tarka also argues that the district court erred by dismissing his complaint without offering or ordering an amendment. However, that issue is not properly before the panel because Tarka failed to timely appeal the dismissal. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380 (9th Cir.1997) (citation omitted).

2. Although Fed. R.App. P. 4(a)(5) also allows a court to grant an extension if the movant shows "excusable neglect," Tarka only asserted "good cause" as the basis for an extension.