Robert PACK, Plaintiff–Appellant,

v.

Robert MCCAUSLAND, Ned Menninger, Mark Stevens, and Does 1–30, Defendants–Appellees.

No. 06–16496.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 19, 2008.

Paul W. Breen, Esquire, Sarju A. Naran, Esquire, Hoge Fenton Jones & Appel, San Jose, CA, Gary S. Garfinkle, Gary S. Garfinkle, Attorney at Law, Lafayette, CA, Samuel Elliot Goldstein, Samuel E. Goldstein & Associates, Walnut Creek, CA, Sblend A. Sblendorio, Esquire, Hoge, Fenton, Jones & Appel, Inc., Pleasanton, CA, for Plaintiff–Appellant.

Robert E. Dunne, Esquire, Los Gatos, CA, Michael A. Berta, Esquire, Nina F. Locker, Esquire, Ellen H. Solomon, Esquire, Wilson, Sonsini Goodrich & Rosati, Palo Alto, CA, for Defendants–Appellees.

Before: BRUNETTI, ROTH *, and CLIFTON, Circuit Judges.

MEMORANDUM **

This case arises from allegedly fraudulent statements regarding the "network costs per subscriber per month" of Freei Networks, Inc., a provider of free internet access and related services. Robert Pack alleges that defendants McCausland, Menninger and Stevens told him that Freei's costs per subscriber per month were $1.50 when, in fact, they were $5.00. As a result, Pack invested $1.5 million in Freei which he lost when Freei filed for bank-

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ruptcy. Pack appeals from the district court's grant of summary judgment in favor of Stevens[1] and the denial of a request to amend his complaint to allege misrepresentations made in 1999. We affirm in part and vacate in part.

We review summary judgment *de novo. DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua,* 453 F.3d 1175, 1178 (9th Cir.2006). In his brief opposing summary judgment, Pack conceded that his claims against Stevens were based solely on misrepresentations made in 1999 while the claims in the operative complaint were limited to misrepresentations made in 2000. On appeal, Pack argues that his concession was a mistake and that the court erred by not considering a number of alternate theories of liability. These alternate theories were not presented to the district court, however, and we generally will not consider an issue raised for the first time on appeal. *See Bolker v. Comm'r,* 760 F.2d 1039, 1042 (9th Cir.1985). Since Pack told the district court that his claims, as alleged, were unsupported, we hold him to that representation and affirm the district court's summary judgment ruling.

■ Denial of leave to amend is reviewed for abuse of discretion. *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999). Upon conceding that Pack's claims against Stevens were based on misrepresentations made in 1999 rather than 2000, Pack asserted that he would "move to amend ... to conform to proof." The district court preemptively denied Pack's request on the grounds that Pack had unduly delayed and acted in bad faith and that any amendment would prejudice Stevens. On reconsideration, the district court denied the amendment on the basis that, since Pack had alleged claims based on the 1999 misrepresentations in earlier iterations of his complaint but had omitted them from the most recent version, Pack was *"procedurally barred from amending ... even in the absence of bad faith, undue delay or prejudice to defendants."*

This ruling was in error. It was a clearly erroneous application of the law and thus an abuse of discretion. *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1411 (9th Cir.1986). We have held that, on appeal, the scope of our review is limited to the allegations in the most recent complaint filed. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *Bullen v. De Bretteville,* 239 F.2d 824, 833 (9th Cir.1956). Since "an amended pleading supersedes the original, the latter being treated thereafter as non-existent," a defeated plaintiff who has amended his complaint cannot argue on appeal that the district court erred in its ruling on the original complaint. *See Bullen,* 239 F.2d at 833. We have never held, however, that, at the district court level, a plaintiff who omits previously dismissed claims from an amended complaint waives his right to re-allege these claims in *further amendments.*[2]

■ We note, moreover, that the 1999 representations had been dismissed without prejudice from the earlier iteration of Pack's complaint with the district court's warning that Pack "may not reallege the falsity of any ... statements of pre-Febru-

1. Pack settled with defendants McCausland and Menninger prior to this appeal.

2. In fact, as has been pointed out by the district court of Connecticut, such a rule would be inconsistent with the standard practice of courts in this Circuit. *See Haddock v. Nationwide Fin. Servs., Inc.,* 514 F.Supp.2d 267 (D.Conn.2007) (citing *Southwest Forest Indus., Inc. v. Westinghouse Elec. Corp.,* 422 F.2d 1013, 1015 (9th Cir.1970) (noting, without disapproval, that trial court had permitted plaintiff to amend complaint to re-allege previously abandoned claims)).

ary 2000 network costs without specific factual allegations which describe in detail why the statements are false and why knowledge of falsity can be imputed to the defendants." Discovery taken shortly before summary judgment motions were filed uncovered the basis for such "specific factual allegations." [3] Accordingly, the findings of bad faith, undue delay, and prejudice were unwarranted.

On remand, the district court should permit Pack to amend his complaint to re-allege claims against Stevens based on the 1999 misrepresentations.

For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part and this case is REMANDED to the district court for further proceedings.

---

**3.** Stevens's counsel agreed at oral argument that this evidence was enough to meet the heightened pleading requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(b).