**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA ex rel.
PATRICIA HAIGHT and IN DEFENSE
OF ANIMALS,
                    *Plaintiffs-Appellants,*

            v.

CATHOLIC HEALTHCARE WEST;
CATHOLIC HEALTHCARE WEST
ARIZONA; ST. JOSEPH'S
HOSPITAL AND MEDICAL CENTER;
BARROW NEUROLOGICAL INSTITUTE;
and MICHAEL BERENS,
                    *Defendants-Appellees.*

No. 07-16857

D.C. No.
CV-01-02253-FJM

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted
November 3, 2009—San Francisco, California

Filed February 4, 2010
Amended April 21, 2010

Before: Betty B. Fletcher, William C. Canby, Jr., and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

---

## COUNSEL

Jeremy L. Friedman, Law Office of Jeremy L. Friedman, Oakland, California, for the plaintiffs-appellants.

Dale A. Danneman, Lawrence A. Kasten, and Brian J. Pollock, Lewis and Roca LLP, Phoenix, Arizona, for defendants-appellees.

---

## ORDER

The opinion filed on February 4, 2010, slip opinion page 2057, and appearing at 594 F.3d 694, is amended as follows:

On slip opinion page 2063, line 2 of the last paragraph, change the comma to a period after " 'inequitable.' "; on line 9, after "harsh consequences.')." insert:

> Notwithstanding the Supreme Court's guidance, Plaintiffs urge us to follow *George v. Camacho*, 119 F.3d 1393 (9th Cir. 1997) (en banc), in which we refused to apply retroactively our decision to shorten

the time period for filing a notice of appeal from the Northern Mariana Islands. But our premise in *George* was that the Supreme Court's admonition that " 'a jurisdictional ruling may never be made prospective only' . . . has never been applied as broadly and inflexibly as both its language and our dissenting colleagues suggest." *Id.* at 1397 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)). *Eisenstein* itself now represents just such a broad and inflexible application of that principle. We are bound, then, to follow the Supreme Court's clear directive to apply *Eisenstein* retroactively, no matter how inequitable the result.

Also on line 9, start a new paragraph with "A claim that this result violates due process is equally unavailing."

On slip opinion page 2065, line 8 of the first full paragraph, after "under Rule 4," insert the following as a footnote:

When *In re Hoag* announced that Rule 4 did not authorize such an action by the court of appeals, Rule 26 did not contain the exception cross-referencing Rule 4. In 1988, Rule 26(b) provided:

The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal.

Rule 26 was amended in 1998. However, the 1998 amendments to Rule 26(b) were "intended to be stylistic only." 28 U.S.C. app., Fed. R. App. P. 26 advisory committee's notes (1998 amendment); *see also*

> *Mitchell v. Burtvetterlein & Bushnell PC (In re Stein)*, 197 F.3d 421, 424 n.7 (9th Cir. 2000) (noting that the 1998 amendments to Federal Rule of Appellate Procedure 4(a)(5) were "strictly stylistic"). Thus, the 1998 amendments did not abrogate *In re Hoag*. Nor are the amendments irreconcilable with *In re Hoag*. By its terms, Rule 26(b) still applies to "the court." The statement that "the court" may grant extensions of time "as authorized by Rule 4" recognizes the power of the *district* court to grant extensions under Rule 4, but not beyond the limitations of Rule 4. Thus, the phrase "as authorized by Rule 4" is not surplusage, even though the court of appeals has no power to grant extensions under Rule 4.

On slip opinion page 2066, last line, after the citation to *Pettibone*, insert the following as a footnote:

> Like *In re Hoag*, *Pettibone* survives the 1998 amendments to Rule 26(b).

With these amendments, the panel has voted to deny the petition for rehearing. Judge Graber has voted to deny the petition for rehearing en banc, and Judges B. Fletcher and Canby have so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petition for rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing will be entertained.

---

## OPINION

GRABER, Circuit Judge:

Plaintiffs filed a notice of appeal in this *qui tam* action 51 days after the district court granted summary judgment in

favor of Defendants. We must dismiss this appeal for lack of jurisdiction because Plaintiffs filed the notice of appeal more than 30 days after the entry of judgment. Fed. R. App. P. 4(a)(1)(A). When the notice of appeal was filed, this appeal was timely under then-controlling circuit law that gave Plaintiffs 60 days to file an appeal, but dismissal is now required by an intervening Supreme Court decision ruling that the allowable time is 30 days.

## FACTUAL AND PROCEDURAL HISTORY

Defendant Michael Berens is a scientist who applied for and received funding from the National Institutes of Health to research brain cancer using beagle dogs. Plaintiffs Patricia Haight and In Defense of Animals assert that Berens made false and misleading statements in his grant application. They allege that he failed to disclose data showing a high rate of failure in preliminary trials, made false statements about the extent of his success with the research, stated a goal for the grant project that he did not believe could actually be accomplished, and misrepresented another researcher's involvement with the project. Consequently, Plaintiffs brought this *qui tam* action against Defendants Berens, Barrow Neurological Institute, St. Joseph's Hospital and Medical Center, Catholic Healthcare West Arizona, and Catholic Healthcare West under the False Claims Act, 31 U.S.C. § 3729. The United States has a statutory right to intervene in such a suit, *id.* § 3730(b)(2), but declined to intervene in this one.

The first issue arising in this litigation was whether the False Claims Act's "public disclosure" jurisdictional bar, *id.* § 3703(e)(4), precluded the suit. In an earlier appeal, we held that the suit was not barred by the fact that Plaintiffs had obtained Berens' grant application pursuant to a Freedom of Information Act request. *United States ex rel. Haight v. Catholic Healthcare W.*, 445 F.3d 1147, 1152 (9th Cir. 2006). On remand, the district court granted summary judgment in favor

of Defendants, ruling that Plaintiffs had failed to produce evidence that the statements at issue were objectively false.

The district court entered judgment for Defendants on August 14, 2007. Plaintiffs filed a notice of appeal 51 days later, on October 4, 2007. We stayed the appeal pending Supreme Court review of *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94 (2d Cir. 2008). The Supreme Court has issued its decision, 129 S. Ct. 2230 (2009), and we now consider Defendants' motion to dismiss this appeal as untimely. We review de novo the existence of jurisdiction over an appeal. *Perez-Martin v. Ashcroft*, 394 F.3d 752, 756 (9th Cir. 2005).

## DISCUSSION

### A.  Untimely Notice of Appeal

**[1]** Under Federal Rule of Appellate Procedure 4(a)(1), a party in a civil suit has 30 days from the entry of judgment within which to file a notice of appeal, unless "the United States or its officer or agency is a party." If the United States is a party, Rule 4(a)(1)(B) allows a 60-day period within which to take an appeal. For purposes of Rule 4(a), we previously held that the United States is a "party" to a *qui tam* action even if it declines to intervene. *United States ex rel. Haycock v. Hughes Aircraft Co.*, 98 F.3d 1100, 1102 (9th Cir. 1996). Thus, when the district court entered judgment for Defendants, our circuit precedent gave the plaintiffs in a case such as this one 60 days to file a notice of appeal.

**[2]** Relying on *Haycock*, Plaintiffs filed their notice of appeal 51 days after the entry of judgment. At that time, we would have deemed their appeal timely. But while this appeal was pending, the Supreme Court held that, for the purposes of the filing deadlines of Rule 4(a), the United States is *not* a party to a *qui tam* action under the False Claims Act in which it declines to intervene and plaintiffs in such cases have only

30 days to appeal. *Eisenstein*, 129 S. Ct. at 2236-37. We therefore recognize that *Eisenstein* overruled our holding to the contrary in *Haycock*.

**[3]** Under *Eisenstein*, Plaintiffs' notice of appeal was untimely when filed. The Supreme Court knew that *Eisenstein* could affect pending appeals. Indeed, Plaintiffs in this case filed an amicus brief with the Supreme Court asking that it prohibit retroactive application of its decision in *Eisenstein*. Brief for Patricia Haight and In Defense of Animals as Amici Curiae Supporting Respondents, United States ex rel. Eisenstein v. City of New York, 129 S. Ct. 2230 (2009) (No. 08-660). Despite acknowledging that its decision would have "harsh consequences" for some plaintiffs and "unfairly punish those who relied on the holdings of courts adopting the 60-day limit in cases in which the United States was not a party," the Court expressly refused to limit its decision to prospective application. *Eisenstein*, 129 S. Ct. at 2236 n.4. Those harsh consequences are now concretely before us: Plaintiffs' appeal is untimely and must be dismissed.

**[4]** A timely notice of appeal is a jurisdictional prerequisite. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978). Congress has set a statutory limit of 30 days on appeals in cases to which the United States is not a party. 28 U.S.C. § 2107(a). A would-be appellant's "failure to file his notice of appeal in accordance with the statute therefore deprive[s] the Court of Appeals of jurisdiction." *Bowles v. Russell*, 551 U.S. 205, 213 (2007). Because the notice of appeal in this case was filed after the 30-day deadline, we lack jurisdiction and this appeal must be dismissed. *Id.*; *United States v. Curry*, 47 U.S. (6 How.) 106, 113 (1848).

**[5]** It is a serious understatement to call this result "inequitable." *Bowles*, 551 U.S. at 214. Plaintiffs reasonably relied on Ninth Circuit precedent that gave them 60 days to file a notice of appeal. But the Supreme Court has instructed us that concerns of equity must give way before the "rigorous rules"

of statutory jurisdiction. *Id.*; *see also Eisenstein*, 129 S. Ct. at 2236 n.4 ("[T]he Court must nonetheless decide the jurisdictional question before it irrespective of the possibility of harsh consequences."). Notwithstanding the Supreme Court's guidance, Plaintiffs urge us to follow *George v. Camacho*, 119 F.3d 1393 (9th Cir. 1997) (en banc), in which we refused to apply retroactively our decision to shorten the time period for filing a notice of appeal from the Northern Mariana Islands. But our premise in *George* was that the Supreme Court's admonition that " 'a jurisdictional ruling may never be made prospective only' . . . has never been applied as broadly and inflexibly as both its language and our dissenting colleagues suggest." *Id.* at 1397 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)). *Eisenstein* itself now represents just such a broad and inflexible application of that principle. We are bound, then, to follow the Supreme Court's clear directive to apply *Eisenstein* retroactively, no matter how inequitable the result.

A claim that this result violates due process is equally unavailing. "As [the Supreme Court's] decisions have emphasized time and again, the Due Process Clause grants the aggrieved party the *opportunity* to present his case . . . ." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (emphasis added). Plaintiffs do not have a due process right to a late appeal, even if they effectively had our court's permission under *Haycock* to file after Rule 4's deadline, any more than Mr. Bowles had the right to a late appeal when he had the district court's express permission to do likewise. *Bowles*, 551 U.S. at 207.

Plaintiffs correctly note that the Supreme Court's holding in *Eisenstein* does not foreclose the theoretical possibility that other parts of the Federal Rules of Appellate Procedure could provide an avenue of relief. We consider their suggestions below, but conclude that none is viable.

## B.  Motion for Extension of Time

**[6]** On February 6, 2009, Plaintiffs filed a motion with us for extension of time within which to file a notice of appeal. Plaintiffs ask us to grant this motion under Federal Rule of Appellate Procedure 4(a)(5). That rule authorizes a district court to grant an extension of time under certain circumstances, but is silent as to the authority of a court of appeals. We have held that Rule 4(a)(5) grants no power to a court of appeals. *Hoag Ranches v. Stockton Prod. Credit Ass'n (In re Hoag Ranches)*, 846 F.2d 1225, 1229 (9th Cir. 1988) (order).[1]

**[7]** Furthermore, Rule 4(a)(5)(A)(i) requires that a party move for extension of time "no later than 30 days after" the expiration of the time allotted for an appeal. Plaintiffs' motion for an extension of time is itself almost four months late. Rule 4 does not authorize late motions. Thus, even if we had the power to grant motions for extensions of time under Rule 4(a)(5), we would still have to deny Plaintiffs' motion because the motion itself is untimely.

**[8]** Nor may we, under Rule 26, grant an extension of time to file the notice of appeal. Rule 26 generally gives us the power to extend any of the deadlines prescribed by the Federal Rules of Appellate Procedure. However, that rule specifically provides that "the court may not extend the time to file . . . a notice of appeal (except as authorized in Rule 4)." As already explained, courts of appeals are not authorized to

---

[1]Plaintiffs direct our attention to *United States v. Arevalo*, 408 F.3d 1233, 1239 (9th Cir. 2005), in which we "express[ed] no opinion . . . whether Rule 4's silence precludes an appellate court from granting an extension." As a threshold matter, declining to reach an issue that we have already decided in an earlier case does not invalidate the earlier decision. But in any event, *Arevalo* was a criminal case under Rule 4(b), not a civil case under Rule 4(a). Thus, the fact that *Arevalo* treated the court of appeals' authority under Rule 4(b) as an open question does not undercut the holding of *In re Hoag* or its application to Plaintiffs' appeal.

grant extensions under Rule 4[2] and, even if we were, Plaintiffs' motion cannot be granted because it is untimely. Therefore, Rule 26 does not allow us to extend the time for Plaintiffs to file their notice of appeal.

**[9]** Similarly, we may not, under Rule 26(b), extend the time to file the motion seeking an extension. Rule 4(a)(5)(A)(i) requires a motion "no later than 30 days after" the deadline for a notice of appeal. If we were to extend the time for Plaintiffs to file their motion by four months—and if we had the power to then grant the requested extension—the resulting extension would violate Rule 26(b)(1) because it would *not* be an extension "as authorized in Rule 4."

**[10]** Plaintiffs also argue that, under Rule 2, we could suspend the requirement that a would-be appellant file a timely motion before a court may grant an extension. Again, even if

---

[2]When *In re Hoag* announced that Rule 4 did not authorize such an action by the court of appeals, Rule 26 did not contain the exception cross-referencing Rule 4. In 1988, Rule 26(b) provided:

> The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance, or a petition for permission to appeal.

Rule 26 was amended in 1998. However, the 1998 amendments to Rule 26(b) were "intended to be stylistic only." 28 U.S.C. app., Fed. R. App. P. 26 advisory committee's notes (1998 amendment); *see also Mitchell v. Burtvetterlein & Bushnell PC (In re Stein)*, 197 F.3d 421, 424 n.7 (9th Cir. 2000) (noting that the 1998 amendments to Federal Rule of Appellate Procedure 4(a)(5) were "strictly stylistic"). Thus, the 1998 amendments did not abrogate *In re Hoag*. Nor are the amendments irreconcilable with *In re Hoag*. By its terms, Rule 26(b) still applies to "the court." The statement that "the court" may grant extensions of time "as authorized by Rule 4" recognizes the power of the *district* court to grant extensions under Rule 4, but not beyond the limitations of Rule 4. Thus, the phrase "as authorized by Rule 4" is not surplusage, even though the court of appeals has no power to grant extensions under Rule 4.

we were to waive that requirement, we have no power to grant an extension of time. *In re Hoag*, 846 F.2d at 1229. But Rule 2 does not permit us to suspend the requirement that a timely motion be filed in the first place. By its own terms, Rule 2 allows the court of appeals to "suspend any provision . . . except as otherwise provided in Rule 26(b)." Rule 26(b), as noted above, provides that a court may not extend the time to file a notice of appeal except as authorized by Rule 4. Rule 4 does not authorize an extension of time to appeal except upon a timely motion. Thus, Rule 26(b) forbids an extension of time to file the motion, and Rule 2 prohibits suspending the requirement of a timely motion. Rule 2 and Rule 26(b) do not assist a party who has failed to file a timely motion for extension of time.

**[11]** We are not alone in reading the rules this way. The Fifth Circuit similarly has held that Rule 2 and its cross-reference to Rule 26(b) prevent a court of appeals from suspending the requirements of Rule 4(a)(6), which—like Rule 4(a)(5)—demands filing a timely motion in order to enlarge the time to file an appeal. *Wilkens v. Johnson*, 238 F.3d 328, 334-35 (5th Cir. 2001), *superseded by rule on other grounds as recognized by Resendiz v. Dretke*, 452 F.3d 356, 358 n.3 (5th Cir. 2006).

Our conclusion as to Rule 2 is reinforced by the Supreme Court's admonition that a court "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988). And the requirement of a timely motion under Rule 4(a)(5) is a jurisdictional one. We so held, in *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir. 1986) (per curiam), even before *Bowles* instructed us that timeliness limitations enacted by statute are jurisdictional, 551 U.S. at 212-13. Congress specified in 28 U.S.C. § 2107(c) that a court may grant an extension "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal."

The requirement of a motion within 30 days is, thus, created by statute. It could not be waived under Rule 2, even if Rule 2 purported to authorize such action. *Torres*, 487 U.S. at 317.

Plaintiffs also request that we construe their notice of appeal as a motion for extension of time. If we were to do so, the motion would be timely, but we still would lack the power to grant it. *In re Hoag*, 846 F.2d at 1229. More importantly, though, we have held that we cannot construe a notice of appeal as a motion for extension of time under Rule 4(a)(5). *Pettibone v. Cupp*, 666 F.2d 333, 335 (9th Cir. 1981).[3] *Blausey v. U.S. Trustee*, 552 F.3d 1124 (9th Cir. 2009) (per curiam), and *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Services, Inc.*, 435 F.3d 1140 (9th Cir. 2006) (order), are not to the contrary. *Blausey* and *Amalgamated* Transit arose under Rule 5, governing permissive appeals, rather than under Rule 4. *Pettibone* controls here. Indeed, in refusing to treat a notice of appeal as a motion for extension of time under Rule 4(a)(5), we agree with all the other circuits that have ruled on the issue. *Campos v. Le Fevre*, 825 F.2d 671, 675-76 (2d Cir. 1987); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1239-40 (7th Cir. 1986) (per curiam); *Herman v. Guardian Life Ins. Co. of Am.*, 762 F.2d 288, 289-90 (3d Cir. 1985) (per curiam); *Myers v. Stephen-son*, 748 F.2d 202, 204 (4th Cir. 1984); *Campbell v. White*, 721 F.2d 644, 645-46 (8th Cir. 1983); *Pryor v. Marshall*, 711 F.2d 63, 64-65 (6th Cir. 1983); *Brooks v. Britton*, 669 F.2d 665, 667 (11th Cir. 1982); *Bond v. W. Auto Supply Co.*, 654 F.2d 302, 303-04 (5th Cir. 1981); *Mayfield v. U.S. Parole* Comm'n, 647 F.2d 1053, 1055 (10th Cir. 1981) (per curiam); *see also Wyzik v. Employee Benefit Plan of Crane Co.*, 663 F.2d 348, 348 (1st Cir. 1981) (per curiam) (declining to treat a notice of appeal as a motion for extension, but reserving question of "[w]hether or not in truly extraordinary circum-

---

[3]Like *In re Hoag*, *Pettibone* survives the 1998 amendments to Rule 26(b).

stances beyond the ability of counsel to foresee or guard against, a court would have any flexibility").

We cannot extend the time to file a motion for an extension, waive the requirement of a timely motion, construe Plaintiffs' notice of appeal as such a motion, or grant such a motion—timely or not. Plaintiffs cannot obtain an extension of time from us.

## C.   Unique Circumstances Doctrine

**[12]** Plaintiffs also wish us to permit their untimely appeal under the "unique circumstances" doctrine. Plaintiffs recognize that *Bowles* described the equitable doctrine as "illegitimate" insofar as it "purport[s] to authorize an exception to a *jurisdictional* rule." 551 U.S. at 214 (emphasis added). They argue, however, that the doctrine could still be applied to non-jurisdictional rules. But no non-jurisdictional rules bar Plaintiffs' appeal. The requirement of a timely notice of appeal is jurisdictional, *id.* at 209, as is the requirement that a would-be appellant file a timely motion for an extension of time before such an extension may be granted, 28 U.S.C. § 2107(c); *Alaska Limestone*, 799 F.2d at 1411. Thus, we cannot hear their appeal under the unique circumstances doctrine.

## D.   Dismissal of Stay

Plaintiffs also ask that we reconsider our order to stay the appeal, dismiss the stay as improvidently granted, and enter judgment on the appeal nunc pro tunc. Plaintiffs cite no legal authority—and we are aware of none—for the proposition that we may decide a pending case under precedent that the Supreme Court has overruled retroactively. Because *Eisenstein* means that Plaintiffs' notice of appeal is, *and always was*, untimely, we have always lacked jurisdiction to address the merits of their appeal. We therefore will not dismiss the stay.

## E.    Remand

**[13]** Plaintiffs also ask us for a limited remand to the district court so that it may determine whether they are entitled to a nunc pro tunc extension under Rule 4(a)(5). Such a remand would be futile, because the district court would be prohibited from granting an extension in the absence of a timely motion. *Alaska Limestone*, 799 F.2d at 1411. No such motion was filed in this case, and it is now too late to file one. Moreover, Rule 4 "precludes us from remanding . . . on the theory that the untimely notice of appeal itself might be considered by the district judge as a motion for extension of time." *Pettibone*, 666 F.2d at 335. Accordingly, we decline to remand the case.[4]

## Conclusion

We sympathize with Plaintiffs, who complied with our precedent in filing their notice of appeal 51 days after the entry of judgment. Nevertheless, we conclude that we lack jurisdiction over Plaintiffs' late appeal and may not act under the Federal Rules of Appellate Procedure to enable Plaintiffs to appeal.

Appeal DISMISSED. The motion to dismiss, filed January 22, 2009, is DISMISSED as moot.

---

[4]We need not and do not decide whether any other avenue for action by the district court remains open in this case.