**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM S. POFF, | No. 14-35595 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00463-JLR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Federal prisoner William S. Poff appeals pro se from the district court's

order striking his "verified notification to recommence litigation of habeas claims."

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Poff contends that, because he did not receive notice of the order denying his 28 U.S.C. § 2255 motion, the district court abused its discretion and violated his due process rights by striking his "notification to recommence" his section 2255 proceedings. He further contends that the lack of notice entitles him to equitable tolling of the time to file a notice of appeal.

Construing Poff's "notification to recommence" as a motion to reopen the time to file an appeal, *see United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011), the district court lacked jurisdiction to reopen because the "notification to recommence" was filed more than 180 days after the entry of judgment. *See* Fed. R. App. P. 4(a)(6). This time limit is jurisdictional and, therefore, not subject to equitable tolling. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Nor does its application violate Poff's due process rights. *See United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 954 (9th Cir. 2010).

**AFFIRMED.**