**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GUADALUPE NAVARRETE, | No. 24-2776 |
| *Petitioner*, | Agency No. A092-443-293 |
| v. | |
| PAMELA BONDI, Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted February 17, 2026
San Francisco, California

Filed March 23, 2026

Before: Michael Daly Hawkins, Richard R. Clifton, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Bade

## SUMMARY[*]

### Immigration

The panel dismissed Guadalupe Navarrete Pelagio's petition for review of an immigration judge's order affirming a negative reasonable-fear determination, holding that a petition for review advancing a standalone claim for review of the denial of relief from removal under the Convention Against Torture ("CAT") is not sufficient to invoke the court's jurisdiction.

Navarrete was removed pursuant to an expedited order of removal and that order was later reinstated. In reinstatement proceedings, the immigration judge affirmed an asylum officer's conclusion that Navarrete did not have a reasonable fear of torture if returned to Mexico. When Navarrete filed his petition for review with this court, he did not seek review of his expedited order of removal or his reinstated order of removal.

The panel explained that Congress conferred jurisdiction upon the federal courts of appeals to hear petitions for review of a "final order of removal." 8 U.S.C.§ 1252(a)(1). However, an order denying CAT protection is not a final order of removal, and the Supreme Court's recent decisions in *Nasrallah v. Barr*, 590 U.S. 573 (2020), *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), and *Riley v. Bondi*, 606 U.S. 259 (2025), firmly establish that an order denying CAT protection does not affect the validity of the final order of removal and therefore does not merge

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

into the final order of removal. Accordingly, the panel held that a petition for review challenging only a CAT order is not sufficient to invoke the court's jurisdiction. Such claims can only be considered as part of the review of a final order of removal, a requirement that presupposes the existence of a claim for review of the final order of removal.

The panel wrote that there was some tension between the Supreme Court's merger analysis in *Nasrallah* and the Court's holding in *Monsalvo v. Bondi*, 604 U.S. 712 (2025), that it had jurisdiction to review a question of law relating to the denial of voluntary departure. Nonetheless, the court concluded that *Monsalvo* was distinguishable and did not establish that the court had jurisdiction over Navarrete's petition.

Next, the panel rejected the argument that its holding should have prospective effect only because that argument was foreclosed by precedent holding that a jurisdictional ruling may never be made prospective only.

Finally, the court denied as futile Navarrete's request to amend his petition to add a "nominal" challenge to his removal order so that his CAT claim could be heard, reasoning that Navarrete did not contest that he would be unable to assert anything more than a baseless and frivolous claim with respect to his removal order.

## COUNSEL

Salvador De La Torre Jr. (argued), Belmonte & De La Torre Law PLLC, Phoenix, Arizona, for Petitioner.

Aric A. Anderson (argued) and Rachel L. Browning, Trial Attorneys; Holly M. Smith, Assistant Director; Office of Immigration Litigation; Brian M. Boynton, Principal Deputy Assistant Attorney General; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Samantha Hsieh, Amica Center for Immigrant Rights, Washington, D.C., for Amicus Curiae Amica Center for Immigrant Rights.

## OPINION

BADE, Circuit Judge:

Jose Guadalupe Navarrete Pelagio petitions for review of an immigration judge's order affirming a negative reasonable-fear determination and the resulting denial of relief from removal under the international Convention Against Torture, known as CAT. Navarrete's petition, however, does not seek review of his 2003 expedited order of removal or his 2024 reinstated order of removal. While Navarrete's petition was pending, the Supreme Court decided *Riley v. Bondi*, 606 U.S. 259 (2025), which raised the issue of our jurisdiction under 8 U.S.C. § 1252(a)(1) to hear a petition for review that challenges only an order denying CAT relief and does not also challenge a final order of removal. Because our jurisdiction is statutorily limited to

final orders of removal, we do not have jurisdiction to hear Navarrete's petition that challenges only an order denying CAT relief.  We therefore dismiss the petition.

## I

## A

On October 31, 2003, Navarrete, a native and citizen of Mexico, fraudulently attempted to enter the United States at the port of entry located in San Luis, Arizona by presenting another person's valid resident alien card.  He was served with and removed pursuant to a notice and order of expedited removal that same day.  *See* 8 U.S.C. §§ 1225(b)(1), 1182(a)(6)(C)(i).  Sometime after being removed, Navarrete illegally re-entered the United States.

In January 2024, Navarrete was reported to the Department of Homeland Security by an employer who suspected Navarrete was using false identification and employment documents.  On January 22, 2024, the Department issued an order reinstating the prior order of removal pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8, which subjected Navarrete to removal at any time and barred him from any form of relief except statutory withholding of removal under 8 U.S.C. § 1231(b)(3)(A) and CAT protection.  8 C.F.R. §§ 241.8(e), 1241.8(e).

During reinstatement proceedings, Navarrete expressed a fear of return to Mexico and received a reasonable-fear interview before an asylum officer.  *See* 8 C.F.R. §§ 208.31(a), 241.8(e).  At this interview, Navarrete had the burden of establishing a "reasonable possibility" of persecution in Mexico on account of a protected ground or torture with government acquiescence.  8 C.F.R § 208.31(c).

He had the right to counsel and to present evidence at the interview. *Id.*

The asylum officer determined that Navarrete did not have a reasonable fear of persecution or torture if returned to Mexico.[1] Navarrete sought review of this determination before an immigration judge pursuant to 8 C.F.R. § 208.31(g), and after a hearing where he was represented by counsel, the immigration judge affirmed the asylum officer's negative reasonable-fear determination in an order issued on April 30, 2024. This review of an asylum officer's negative reasonable-fear determination is "an abbreviated proceeding" that is "limited to a de novo review of the asylum officer's negative reasonable fear determination." *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1044 (9th Cir. 2023), *abrogated in other respects by Riley*, 606 U.S. at 268–69. Thus, Navarrete could not apply for withholding of removal or CAT protection at this review hearing, and because the immigration judge affirmed the negative reasonable-fear determination, he was not placed in withholding-only proceedings.[2] Moreover, there is no

---

[1] If the asylum officer had determined that Navarrete had a reasonable fear of persecution or torture, the officer would have referred Navarrete for withholding-only proceedings before an immigration judge. *See* 8 C.F.R §§ 208.31(e), 1208.31(e). Unlike a formal removal proceeding, asylum and other discretionary forms of relief are not available in withholding-only proceedings; only statutory withholding of removal and CAT relief are available. *Id.*; *see also* 8 U.S.C. § 1231(a)(5), (b)(3)(A); *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 & n.4 (2006). After the withholding-only proceedings, an immigration judge's denial of statutory withholding of removal or CAT relief may be appealed to the Board of Immigration Appeals. 8 C.F.R §§ 208.31(e), 1208.31(e).

[2] If the immigration judge had disagreed with the asylum officer's negative reasonable-fear determination, Navarrete would have been placed in withholding-only proceedings, where he could have applied for

appeal available to the Board of Immigration Appeals from an immigration judge's order affirming an asylum officer's negative reasonable-fear determination. 8 C.F.R. § 1208.31(g)(1).

B

Navarrete filed a petition with this court on May 1, 2024, seeking review of the negative reasonable-fear determination in "the April 30, 2024 Order of the Immigration Judge," which his petition described as "[a] final order of removal."[3] The petition for review was filed more than 30 days after the reinstated order of removal was issued on January 22, 2024, thus raising the issue of whether Navarrete's petition was untimely under 8 U.S.C. § 1252(b)(1).

Because the Supreme Court was, at that time, considering whether § 1252(b)(1) prescribed a jurisdictional deadline, *see generally Riley*, 606 U.S. 259, we held Navarrete's petition in abeyance pending the Court's resolution of that issue. In *Riley*, the Court held that § 1252(b)(1)'s 30-day deadline is not jurisdictional, but rather is a mandatory claims-processing rule, and thus is subject to ordinary principles of waiver and forfeiture. 606 U.S. at 272–77. In a concurrence, Justice Thomas noted that the majority's interpretation of "final order of removal" suggested that the Fourth Circuit lacked jurisdiction under 8

---

statutory withholding of removal and CAT protection. *See* 8 C.F.R. § 1208.31(g)(2)(i).

[3] Navarrete does not challenge the immigration judge's determination that he had not suffered past persecution and did not fear future persecution on account of a protected ground. Thus, his petition for review challenges only the immigration judge's negative reasonable-fear determination and the resulting denial of CAT relief.

U.S.C. § 1252(a)(1) to review the denial of a CAT claim when it was not also reviewing a final order of removal, and he urged the court of appeals to consider the issue on remand. *Id.* at 278, 280–81.

We directed the parties to file supplemental briefs "addressing the impact on this case, if any, of the Supreme Court's decision in *Riley v. Bondi*, No. 23-1270 (U.S. June 26, 2025), including whether the court has jurisdiction to consider Navarrete's petition for review of the immigration judge's order denying CAT relief."[4] We also allowed an untimely amicus brief addressing this jurisdictional issue from the Amica Center for Immigrant Rights.

## II

### A

Our jurisdictional analysis begins with an examination of "the three interlocking statutes that provide for judicial review of final orders of removal and CAT orders." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020). The modern statutory scheme for judicial review of administrative action concerning immigration matters starts with the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546. That act permits aliens to seek "[j]udicial review of a final order of removal" by filing a petition for review with a court of appeals in accordance with the provisions of chapter 158 of title 28 of the U.S. Code. IIRIRA § 306(a)(2), 110 Stat. at 3009-607 (codified as amended at 8 U.S.C. § 1252(a)(1)); *see also* 28 U.S.C. § 2342 (granting "exclusive jurisdiction to enjoin, set aside, suspend (in whole

---

[4] In her supplemental brief, the Attorney General explicitly waived any argument that Navarrete's petition should be dismissed as untimely.

or in part), or to determine the validity of" certain types of final agency action). Put simply, 8 U.S.C. § 1252(a)(1), "in combination with" 28 U.S.C. § 2342, is the relevant grant of jurisdiction for review of final orders of removal. *Mata v. Lynch*, 576 U.S. 143, 147 (2015).

IIRIRA also provides that "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under [Title 8] shall be available only in judicial review of a final order under [§ 1252(a)(1)]." IIRIRA § 306(a)(2), 110 Stat. at 3009-610 (codified as amended at 8 U.S.C. § 1252(b)(9)). IIRIRA further clarified that § 1252(a)(1) is an exclusive grant of jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the Immigration and Nationality Act (INA)]." IIRIRA § 306(a)(2), 110 Stat. at 3009-612 (codified as amended at 8 U.S.C. § 1252(g)).

The next relevant statute is the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), Pub. L. No. 105-277, Div. G, 112 Stat. 2681-761. As part of CAT's implementation, § 2242(a) of FARRA made it "the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture" and authorized the Attorney General to "prescribe regulations to implement the obligations of the United States under Article 3 of [CAT]." 112 Stat. at 2681-822. FARRA did not itself confer an independent grant of jurisdiction to hear claims arising under CAT or its implementing regulations but instead made § 1252(a)(1) the exclusive means of judicial review for such

claims. *See* FARRA § 2242(d), 112 Stat. at 2681-822 ("[N]othing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under [CAT] or this section . . . except as part of the review of a final order of removal pursuant to [8 U.S.C. § 1252].").

The final relevant statute is the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 302. Subsection 106(a) of the REAL ID Act made several changes to judicial review under 8 U.S.C. § 1252. First, it added into the United States Code a provision consistent with § 2242(d) of FARRA, that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under [CAT]." REAL ID Act § 106(a)(1)(B), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(4)). In the same vein, it provided that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal," with one limited exception not relevant here. *Id.* at 310–11 (codified at 8 U.S.C. § 1252(a)(5)). Finally, it added a sentence to the end of the "zipper clause" of § 1252(b)(9) confirming exclusive jurisdiction. REAL ID Act § 106(a)(2), 119 Stat. at 311 (codified at 8 U.S.C. § 1252(b)(9)) ("Except as otherwise provided in this section, no court shall have jurisdiction, . . . to review such an order or such questions of law or fact."); *see also Martinez v. Napolitano*, 704 F.3d 620, 621–22 (9th Cir. 2012) (discussing the effect of this amendment).

These three statutes establish that an alien's "challenges arising from the removal proceeding," whether that be a challenge to the removal order, a CAT claim, or some other

claim for relief, "must be 'consolidated in a petition for review [under 8 U.S.C. § 1252] and considered by the courts of appeals.'" *Nasrallah*, 590 U.S. at 580 (quoting *INS v. St. Cyr*, 533 U.S. 289, 313 & n.37 (2001)). Thus, a petition for review is "the sole and exclusive means for judicial review" of such claims. 8 U.S.C. § 1252(a)(4)–(5). Accordingly, if a court does not have jurisdiction to hear a petition under 8 U.S.C. § 1252(a)(1), then it does not have jurisdiction to review any questions of fact or law related to such claims. 8 U.S.C. § 1252(b)(9), (g).

## B

The issue before us is what qualifies as "a final order of removal" for purposes of invoking our jurisdiction under 8 U.S.C. § 1252(a)(1). *See* 28 U.S.C. § 2342 ("Jurisdiction is invoked by filing a petition [for review of final agency action] as provided by section 2344 of this title."). "In the deportation context, a final 'order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah*, 590 U.S. at 581 (quoting 8 U.S.C. § 1101(a)(47)(A)). But just as certain trial court interlocutory orders merge into the final judgment for purposes of appeal, *see Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001), certain rulings and orders made during immigration proceedings that are not themselves determinations of removability merge into the final order of removal, and review of those rulings and orders is part of the review of a final order of removal for purposes of § 1252(a)(1). Thus, review of a final order of removal "includes all matters on which the validity of the final order is contingent, [in addition to] those determinations actually made at the [removal] hearing." *INS v. Chadha*, 462 U.S. 919, 938 (1983) (quoting *Chadha v. INS*, 634 F.2d 408, 412 (9th Cir. 1980)); *accord Nasrallah*,

590 U.S. at 582. By contrast, if the requested administrative relief is "not inconsistent with" the removal order, then the denial of such relief does not merge into the final order. *Chadha*, 462 U.S. at 938–39 (quoting *Cheng Fan Kwok v. INS*, 392 U.S. 206, 213 (1968)).

Recent Supreme Court decisions have firmly established that an order denying withholding of removal, including a denial of CAT protection, "does not affect the validity of the final order of removal and therefore does not merge into the final order of removal." *Nasrallah*, 590 U.S. at 582; *Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021); *Riley*, 606 U.S. at 268–69. *Nasrallah* relied on this reasoning to hold that § 1252(a)(2)(C)'s restriction on judicial review of factual challenges to a "final order of removal against an alien who is removable by reason of having committed [certain] criminal offense[s]" does not restrict judicial review of factual challenges to CAT orders. 590 U.S. at 583. *Guzman Chavez* relied on this reasoning to hold that "an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." 594 U.S. at 540. And *Riley* relied on this reasoning to buttress its conclusion that the petition for review at issue, filed within 30 days of the CAT order but more than 30 days after the order of removal became final, was untimely. 606 U.S. at 268–69.

That same reasoning dictates the outcome here. Under § 1252(a)(1), we have jurisdiction to hear petitions for review of final orders of removal; we have not been granted any jurisdiction to hear CAT claims independent of challenges to final orders of removal. *See* 8 U.S.C. § 1252(a)(4); FARRA § 2242(d), 112 Stat. at 2681-822. CAT orders address matters that do not "affect the validity of the final order of removal," and therefore CAT orders do

not merge into final orders of removal for purposes of judicial review. *Nasrallah*, 590 U.S. at 582. Thus, although "a CAT order may be reviewed together with the final order of removal," judicial review of a CAT order is conceptually distinct from judicial review of the final order of removal— the two orders may be reviewed together, but they are not the same thing and they remain separate orders. *Id.* at 583. Accordingly, the only jurisdiction to review CAT orders is a "pendent jurisdiction" requiring "an independent basis of federal subject matter jurisdiction" under 8 U.S.C. § 1252(a)(1)—specifically, a petition for review of a final order of removal. *Cf.* 13 *Wright & Miller's Federal Practice & Procedure* § 3523 (3d ed. 2025) (describing the technical distinction between "pendent" and "ancillary" jurisdiction). Put simply, "courts cannot review CAT claims unless they are reviewing a final order of removal." *Riley*, 606 U.S. at 280 (Thomas, J., concurring).

C

The Amica Center argues that the Supreme Court's decision in *Monsalvo v. Bondi*, 604 U.S. 712 (2025), dictates a contrary result. There is admittedly some tension—at least on the surface—between the Court's merger analysis in *Nasrallah* and its jurisdictional holding in *Monsalvo*. Nonetheless, we conclude that *Monsalvo* is distinguishable.

In *Monsalvo*, the petitioner sought review of whether the 60-day maximum voluntary-departure window set forth in § 1229c(b)(2) was strictly limited to 60 calendar days or would extend to the next business day after that period when the window's natural expiry would otherwise fall on a weekend or legal holiday. 604 U.S. at 719. Before addressing this question of statutory interpretation, however, the Court first addressed the Attorney General's argument

that the court of appeals lacked jurisdiction to hear the petition under § 1252(a)(1). *Id.* at 719–20.

The Court noted that the final order of removal "conditionally authorized Mr. Monsalvo's detention and removal . . . '[i]n the event' he failed to leave voluntarily 'within 60 days,' the 'maximum period allowed by' § 1229c(b)(2)." *Id.* at 720. In the Court's view, by petitioning the court of appeals to resolve the dispute over the voluntary-departure deadline, Monsalvo "asked the court to review his 'final order of removal' and address a 'questio[n] of law . . . arising from' its terms. Exactly as the law allows." *Id.* (quoting 8 U.S.C. § 1252(a)(1), (b)(9)). In reaching this conclusion, the Court rejected the Attorney General's contention that to secure judicial review, Monsalvo was required to "bundle his question about the operation of his voluntary-departure deadline with some challenge to the Board's conclusion that he was removable." *Id.* at 721–22. Rather, the Court considered Monsalvo's petition to seek review of a "final order of removal"—i.e., "a final order 'concluding that the alien is deportable or ordering deportation'"—because the order to be reviewed was "a final order specifying that the government may remove Mr. Monsalvo if he fails to depart voluntarily within 60 days." *Id.* at 723 (quoting *Nasrallah*, 590 U.S. at 581).

If *Monsalvo* stood alone, the argument supporting our jurisdiction would be more compelling. Like a voluntary-departure order, a CAT order conditions the authority to remove the alien subject to the order. While the effect of a voluntary-departure order is that removal shall not be lawful if executed before a specific date, the effect of a CAT order is that removal shall not be lawful if executed to a specific country. Both types of orders are issued notwithstanding the validity of the underlying removal order—the alien may still

be removed, but only in accordance with the conditions imposed by the ancillary order. *See Nasrallah*, 590 U.S. at 582; *Foti v. INS*, 375 U.S. 217, 219 n.1 (1963) ("The granting of voluntary departure relief does not result in the alien's not being subject to an outstanding final order of deportation."). And if an alien is removed to the country forbidden by the CAT order, his removal is just as "illegal" as removal in violation of a voluntary-departure order. *Cf. Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) (per curiam) (discussing removal to a country forbidden by a withholding order).

But *Monsalvo* does not stand alone, and it should not be read to abrogate *Nasrallah*, especially when *Monsalvo* explicitly disclaimed any intention to do so and the vitality of *Nasrallah*'s reasoning was reaffirmed later that same term in *Riley*. *See Monsalvo*, 604 U.S. at 722–24; *Riley*, 606 U.S. at 268–69. Accordingly, we must read the two lines of precedent to be in harmony rather than in conflict. *See United States v. Alaska*, 151 F.4th 1124, 1136 (9th Cir. 2025) (explaining that, notwithstanding "some tension" between two precedential decisions, a court without power to overrule either decision should treat both as binding "if [they] can be reasonably harmonized with [one another]" (internal quotation marks omitted) (quoting *Lair v. Bullock*, 697 F.3d 1200, 1206 (9th Cir. 2012))); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ("[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents.").

We conclude that these cases can be reconciled as follows. A final order of removal includes all rulings that condition or extinguish the executive's authority to remove an alien altogether, but not those rulings that merely condition or extinguish the executive's authority to remove an alien in a certain manner. Thus, a voluntary-departure

order merges into the final order of removal because while the voluntary-departure order is in place, the alien cannot be removed until the time prescribed by that order has expired. *See Monsalvo*, 604 U.S. at 715. By contrast, a CAT order does not merge into the final order of removal because the alien can be removed notwithstanding the CAT order's continuing force and effect. *See Nasrallah*, 590 U.S. at 582. For this reason, a voluntary-departure order can be said to temporarily impair the legal force of an order of removal in a way that a CAT order does not. Accordingly, the Court's holding in *Monsalvo* does not establish that we have jurisdiction over Navarrete's petition.

## III

The Amica Center offers two fallback arguments to mitigate the harsh consequences of this result for Navarrete and other petitioners like him. Navarrete adopted variations of these arguments at oral argument, and we thus consider them as if they had been made by him in the first instance. Neither is availing.

## A

First, the Amica Center and Navarrete argue that we should give our holding prospective effect only, given that Navarrete and others like him have reasonably relied on the longstanding practice of challenging the denial of CAT relief without any accompanying challenge to the order of removal. That reliance appeared appropriate at the time under our caselaw. *See Alonso-Juarez*, 80 F.4th at 1047–51 (holding that a reinstated removal order would be treated as final and could be challenged in the court of appeals upon the completion of reasonable fear proceedings). It was also consistent with the understanding reflected in the positions

taken by both the Attorney General and the petitioner in *Riley*. *See* 606 U.S. at 266.

Reasonable reliance notwithstanding, this argument is foreclosed by precedent: "a jurisdictional ruling may never be made prospective only." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981); *accord United States ex rel. Haight v. Catholic Healthcare W.*, 602 F.3d 949, 953 (9th Cir. 2010). And we "must nonetheless decide the jurisdictional question before [us] irrespective of the possibility of harsh consequences." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 937 n.4 (2009). "[C]oncerns of equity must give way before the 'rigorous rules' of statutory jurisdiction." *Haight*, 602 F.3d at 953 (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

B

Second, the Amica Center argues that Navarrete should be permitted to amend his petition to add a "nominal" challenge to his removal order so that his CAT claim can be heard. At oral argument, Navarrete adopted this argument as his own, but he candidly acknowledged that any such challenge would be a "red herring" and "frivolous." Thus, he effectively conceded that any such challenge would be without grounding in law or fact.[5]

---

[5] This concession is consistent with Navarrete's decision not to contest the reinstatement of his prior order of removal in proceedings before the agency, despite having been advised that he had the right to "contest this determination by making a written or oral statement to an immigration officer." Thus, even if he had not conceded at oral argument the utter baselessness of a potential challenge to his reinstated removal order, his prior waiver of any such challenge would likely produce the same result. *See Menendez v. Whitaker*, 908 F.3d 467, 474 (9th Cir. 2018) (explaining that "concessions in removal proceedings are binding except in

But to invoke our jurisdiction, Navarrete must assert at least a colorable claim. *Cf. Binderup v. Pathe Exch. Inc.*, 263 U.S. 291, 305–06 (1923) ("Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit. In that event the claim of federal right under the statute, is a mere pretense and, in effect, is no claim at all." (citations omitted)); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("[T]o invoke our jurisdiction, a petitioner must allege at least a colorable constitutional violation. To be colorable in this context, the alleged violation need not be 'substantial,' but the claim 'must have some possible validity.'" (citations omitted) (first quoting *Flores-Miramontes v. INS*, 212 F.3d 1133, 1135 n.3 (9th Cir. 2000), then quoting *United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir. 1999))). We therefore deny Navarrete's request as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that "futility of amendment" is a "justifying reason" for denying leave to amend); *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (explaining that "amendment would be futile" when it would not enable the complaint "to survive dismissal").

IV

Through 8 U.S.C. § 1252(a)(1) and 28 U.S.C. § 2342, Congress has conferred jurisdiction upon the federal courts of appeals to hear petitions for review of a final order of removal. *See Mata*, 576 U.S. at 147. An order denying CAT

---

'egregious circumstances'" (quoting *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831 (9th Cir. 2011))); *Wood v. Milyard*, 566 U.S. 463, 474 (2012) (concluding that a party's assertion that it "will not challenge, but [is] not conceding" an issue constitutes a waiver of that issue).

protection is not a final order of removal, nor does it merge into a final order of removal. *See Nasrallah*, 590 U.S. at 581–83; *Riley*, 606 U.S. at 268–69. Accordingly, we hold that a petition advancing a standalone claim for review of a CAT order is not sufficient to invoke our jurisdiction under 8 U.S.C. § 1252(a)(1). Such claims can only be considered "as part of the review of a final order of removal," FARRA § 2242(d), 112 Stat. at 2681-822, a requirement that presupposes the existence of a claim for review of the final order of removal. Because Navarrete did not contest that he would be unable to assert anything more than a baseless and frivolous claim, we deny as futile his request to amend his petition.

**PETITION DISMISSED.**